IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KENNETH MITCHELL,**           Case No. 3:16 CV224

    Plaintiff,

    v.                             Magistrate Judge James R. Knepp, II

**MANAGEMENT & TRAINING CORP.,**
**et al.,**

    Defendants.                    ORDER

Pending before the Court is Plaintiff's motion to dismiss under Federal Rule of Civil Procedure 41(a). (Doc. 73). The Court held a phone conference on May 7, 2018 (court reporter Stacey Kiprotich) in the related case of *Van Wormer v. Management & Training Corp.*, Case No. 16 CV 1781 (N.D. Ohio). Participating in that call were Attorneys Patricia Horner, Adam Houser, and Wesley Miller, Jr. on behalf of Plaintiff, and Attorneys Kenneth Smith, Timothy Reid, and Michael Quinlan, on behalf of Defendants.

During the conference, Plaintiff's counsel indicated the instant motion, requesting dismissal, would be forthcoming. The Court notified Plaintiff's counsel that it would only grant a motion to dismiss (in the instant case, or in the *Van Wormer* case), with prejudice, at this point, but that it would be willing to limit the motion to Plaintiff's federal claims, which would be followed by a dismissal of the remaining state law claims for lack of jurisdiction as the Court would decline to invoke supplemental jurisdiction over those claims. *See Blakely v. United States,* 276 F.3d 853, 862 (6th Cir. 2002); 28 U.S.C. § 1367(a). In deciding whether to exercise supplemental jurisdiction, the court should consider "'judicial economy, convenience, fairness, and comity.'" *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254 (6th Cir.1996)

(quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). When, as here, the court dismisses all federal claims before trial, the court should generally deny jurisdiction over the state-law claims. *See Robert N. Clemens Trust v. Morgan Stanley DW, Inc.,* 485 F.3d 840, 853 (6th Cir. 2007).

In the instant motion, Plaintiff acknowledges his federal claims will be dismissed with prejudice, and asks this Court to dismiss his state law claims without prejudice.

Therefore, good cause appearing, it hereby

ORDERED that Plaintiff's Motion to Dismiss (Doc. 73) be, and hereby is GRANTED, in part and DENIED, in part. As indicated on the record, the federal claims set forth in the Complaint are hereby DISMISSED, WITH PREJUDICE. For the reasons set forth above, the remaining claims are hereby DISMISSED, *sua sponte*, for lack of jurisdiction, and expressly not as an adjudication on the merits.

IT IS SO ORDERED.

  s/James R. Knepp II  
United States Magistrate Judge